IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| NORMA CAROLYN RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:05-0123 |
| ) | |
| MICHAEL J. ASTRUE, ) | Judge Nixon |
| Commissioner of Social Security, ) | Magistrate Judge Knowles |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Norma Carolyn Randolph's ("Plaintiff" or "Randolph") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 7), to which Defendant ("Defendant" or "Commissioner") filed a Response in opposition ("Response") (Doc. No. 12). Magistrate Judge Knowles ("Magistrate Judge") filed a Report and Recommendation ("Report") on August 27, 2007 recommending that Plaintiff's Motion be denied, and that the findings of the Commissioner be affirmed (Doc. No. 13). Plaintiff filed timely Objections to the Magistrate Judge's Report ("Objections") (Doc. No. 14).

The Court has reviewed *de novo* the entire record and the pleadings, including those portions of the Report to which Plaintiff objects. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Judgment on the Administrative Record, **REJECTS** the Magistrate Judge's Report, and **REVERSES** the decision of the Commissioner.

## I. BACKGROUND

### A. *Procedural Background*

Plaintiff filed her application for Disability Insurance Benefits ("DIB") on November 29, 2001, alleging that she had been disabled since November 27, 2001 due to polycystic kidney disease, fibromyalgia, high blood pressure, recurring pain and fatigue. (Doc. No. 13). Plaintiff's application was denied both initially (Administrative Record ("AR") 31-32) and upon reconsideration (AR 33-34). Plaintiff subsequently requested (AR 42) and received (AR 24–27) a hearing. Plaintiff's hearing was conducted on March 17, 2004 by Administrative Law Judge ("ALJ") William Taylor. (AR 503). Plaintiff and Vocational Expert ("VE") Dr. Kenneth Anchor appeared at the hearing and testified. (AR 503–504).

On May 20, 2004, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations (AR 15–23). Specifically, the ALJ made the following findings of fact:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's fibromyalgia is considered "severe" based on the requirements in the Regulations 20 CFR § 404.152(c).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity for a

-2-

wide range of sedentary work requiring that she lift and carry no more than 10 pounds. She can stand/walk for at least two out of eight hours and sit for six out of eight hours. She can occasionally balance, but never climb, kneel, crouch or crawl. Environmental limitations include the need to avoid extreme heat and cold and the need to avoid cigarette smoke. She has no limitation in manipulative functions such as reaching, handling, fingering and feeling.

7. The claimant's past relevant work as parts inspector did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(AR 22-23)

On June 24, 2004, Plaintiff timely filed a request for review of the hearing decision. (AR 13). On June 2, 2005, the Appeals Council issued a letter declining to review the case (AR 6–9), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction over it, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### B. Factual Background

The Court adopts that portion of the Magistrate Judge's Report that addresses Plaintiff's medical evidence. (Doc. No. 13 at 3-27).

### C. Proceedings at the Administrative Level

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.

4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

5. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920; see also Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs. See Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

II. **STANDARD OF REVIEW**

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision; and (2) whether any legal

-4-

Case 2:05-cv-00123  Document 15  Filed 02/08/08  Page 4 of 10 PageID #: 94

errors were committed in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Under the first prong of the review, "substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Her v. Comm'r of Social Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Social Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her, 203 F.3d at 389 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. Hurst v. Sec'y of Health & Human Servs., 753 F.2d 517, 519 (6th Cir. 1985) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)).

Under the second prong of the review, finding "legal errors" requires determining whether the Commissioner applied the correct legal standard to the evaluation. See Preslar v. Sec'y of Health & Human Servs., 14 F.3d 1107, 1113 (6th Cir. 1994). Generally, the Commissioner's determination is entitled to deference by the court. See Whiteside v. Sec'y of Health & Human Servs., 834 F.2d 1289, 1292 (6th Cir. 1987); Merz v. Sec'y of Health & Human Servs., 969 F.2d 201, 203 (6th Cir. 1992); Salamackis v. Comm'r of Social Sec., 221 F.3d 828, 832 (6th Cir. 2000).

## III. DISCUSSION

In her Objections to the Magistrate Judge's Report, Plaintiff contends that the ALJ erred by: (1) determining that Plaintiff could return to her past relevant work because the VE erred in classifying Plaintiff's past relevant work as "sedentary;" and (2) failing to find Plaintiff's subjective complaints of pain and fatigue fully credible. (Doc. No. 14).

### A. First Objection: ALJ's Determination that Plaintiff Could Return to her Past Relevant Work.

Plaintiff first argues that the VE's classification of her past relevant work as sedentary was erroneous and that the ALJ, therefore, could not properly rely on the VE's testimony in determining that Plaintiff could return to her past relevant work. Plaintiff contends that the position is properly classified as light work and based on the ALJ's finding that Plaintiff can perform only sedentary work, Plaintiff should be found disabled. (Doc. No. 14). The Magistrate Judge found that the VE properly classified Plaintiff's past relevant work as sedentary because it does not meet the definition of light work found in the Dictionary of Occupational Titles ("DOT"). (Doc. No. 13 at 35).

To determine the physical exertion requirements of work in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. These terms have the same meaning as they have in the DOT, published by the Department of Labor. 20 C.F.R. § 404.1567.

Appendix C to the DOT defines the terms sedentary and light as follows:

> S-Sedentary Work - Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary

criteria are met.

> L-Light Work - Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

Plaintiff argues that her relevant work experience as a wire lamp inspector should have been classified as light. While Plaintiff performed the majority or her work seated, it entailed the constant moving of bulbs – reaching for, inspecting and loading a bulb into a "chamber" every three (3) seconds, moving approximately 1200 bulbs an hour. Plaintiff contends that the constant and repetitive motion constitutes light work within the definition in the DOT. (Doc. No. 14).

This Court agrees with Plaintiff and rejects the Magistrate Judge's conclusion that Plaintiff's past relevant work was correctly classified as sedentary. In reaching that conclusion the Magistrate Judge stated, "her past relevant work experience as a parts inspector did not involve 'constant pushing and/or pulling.' Plaintiff testified that her job duties as a parts inspector involved repetitive inspection and loading of light bulbs . . . . She never testified that her job required any pushing and/or pulling." (Doc. No. 13).

Even though Plaintiff did not testify that her prior work entailed pushing and/or pulling, the constant movement required to inspect one (1) bulb every three (3) seconds is precisely the type of physical exertion required in jobs classified as light. The very first sentence of the definition for light work accurately describes Plaintiff's previous work: "Exerting . . . a

-7-

negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects." The remainder of the definition specifically addresses the demands of working at a production pace even where the materials involved are of a negligible weight, and further supports Plaintiff's argument that her prior relevant work should have been classified as light. Finally, Plaintiff's argument is buttressed by the fact that the Commission's vocational specialist at the reconsideration stage classified Plaintiff's prior relevant work as light (DOT # 729.387-022), and this classification is the only one found in the Administrative Record. (AR at 139).

The Court also notes, as Plaintiff argues, that several positions with duties similar to those required in Plaintiff's past relevant work are classified as light. For example, DOT # 692.685-118 (light bulb assembler, a job with duties including feeding bulbs into a machine and inspecting completed lamps); DOT # 609.684-101 (inspector, general—alternate title "parts inspector"); and DOT # 729.684-034 (motor vehicle light assembler, a job with duties including inspecting parts for defects). The Court further notes that the VE did not provide a DOT job title or number to support his classification of Plaintiff's work as sedentary. Considering the vocational specialist's classification of Plaintiff's past relevant work as light, the VE's failure to support his sedentary classification, and the numerous light DOT job listings with physical demands virtually identical to Plaintiff's past work, the Court finds that there is not substantial evidence to support the Commissioner's decision.

    B.    *Second Objection: ALJ's Finding that Plaintiff's Subjective Complaints of Pain and Fatigue were not Fully Credible.*

After reviewing *de novo* that portion of the Administrative Record that pertains to Plaintiff's subjective complaints of pain and fatigue, the Court finds that the Magistrate Judge's analysis of this Objection is thorough and correct. Therefore, the Court adopts in its entirety that

-8-

portion of the Magistrate Judge's Report that discusses Plaintiff's subjective complaints of pain and fatigue. (Doc. No. 13 at 36-39).

C. *Proper Relief*

Plaintiff contends that she qualifies for a finding of disability pursuant to Rules 201.14 and 201.06 of the "grids" based on her inability to perform her past relevant work, and asks the Court to order an award of Disability Insurance Benefits. (Doc. No. 14).

Sentence four (4) of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994). See also Newkirk v. Shalala, 25 F.3d 316, 318 (1994).

Despite this Court's finding that the Commissioner's decision is not supported by substantial evidence, an award of benefits by this Court is not the proper remedy. While Plaintiff has established a *prima facie* case of disability, an award of benefits is not appropriate if the Commissioner can establish that a significant numbers of jobs exist in the national economy that Plaintiff can perform consistent with her residual functional capacity. See 20 C.F.R. §§ 404.1520, 416.920; see also Moon, 923 F.2d 1175. The Court finds that all essential factual

issues have not been resolved and further proceedings at the administrative level are necessary in order to establish Plaintiff's entitlement to benefits.

IV. **CONCLUSION**

In sum, the Court **REJECTS** the Magistrate Judge's Report, **GRANTS** Plaintiff's Motion and **REVERSES** the Commissioner's judgment, and **REMANDS** for further proceedings consistent with this Order. This terminates this Court's jurisdiction over the above-styled action, and the case is dismissed.

It is so ORDERED.

Entered this the ___7th___ day of February, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT